FREDERICK S. AYRES ET AL. v. LANGDON HUBBARD.

*Cutting timber—Conversion—Damages.*

A person who was hired to lumber land and deliver the logs in a stream three and a half miles distant, took by mistake a lot of timber from the land of a third person. *Held,* that in an action by the latter against the trespasser's employer for the conversion the damages would be the value of the timber at the time and place of cutting and not at that of delivery in the stream.

Error to Huron. (Wixson, J.)    June 4.—June 10.

TROVER.    Defendant brings error.    Reversed.

*Winsor & Snover* and *Wm. T. Mitchell* for appellant. Where there is no wrongful purpose or wrongful negligence in the defendant compensation for the real injury done is the purpose of all remedies, and a plaintiff, by choice of actions, ought not to be enabled to increase his recovery beyond just compensation : *Forsyth v. Wells* 41 Penn. St. 291 ; *Single v. Schneider* 30 Wis. 570 ; *Hungerford v. Redford* 29 Wis. 345 ; *Winchester v. Craig* 33 Mich. 205 ; there is no arbitrary rule of damages, and each case depends upon the equities and injury developed : *Erwin v. Clark* 13 Mich. 10 ; *Ripley v. Davis* 15 Mich. 80 ; *Final v. Backus* 18 Mich. 218 ; *Grant v. Smith* 26 Mich. 201 ; *Allen v. Kinyon* 41 Mich. 281.

*James H. Hall* for appellees, cited as to measure of damages, *Tuttle v. White* 46 Mich. 487 ; an employer is liable for the involuntary trespass of his servant : *C. & N. W. R. Co. v. Bayfield* 37 Mich. 205 ; *Smith v. Webster* 23 Mich. 298.

SHERWOOD, J.    The firm of R. B. Hubbard & Co., of which the defendant was a member, in the month of Decem-

ber, 1874, let a contract to John Montgomery to cut logs and timber during the winter, on their lands in Huron county, and haul and put the same afloat in Willow creek, for the agreed price of $3.50 per thousand feet. Montgomery proceeded under his contract, and cut, hauled and placed in the creek a large quantity of logs, and the company was informed and supposed that all were taken from the land of defendant, and never knew to the contrary, so far as we can discover, until about the month of February, 1880. On the 14th day of August, 1880, the plaintiff brought this suit in trover to recover for the value of the timber taken by the defendant's company from the lands of the plaintiff, and upon the trial obtained a judgment against the defendant for the sum of $896.95. The defendant brings error, based upon the rulings and charge of the court on the subject of damages.

It appears from the testimony that the land of plaintiff, from which the timber was taken, sought to be recovered for, is about three and one-half miles from Willow creek, at the point where Montgomery delivered them to the defendant, and the plaintiff claims that he should recover the value of the logs at that point delivered in the creek. The defendant on the contrary, insists that the conversion, if any, was by his servants in the woods where the timber stood upon plaintiff's land, and that the damages for which he was liable, if any, was the value of the stumpage. The court instructed the jury in accordance with the views of plaintiff's counsel, and the verdict of the jury was rendered accordingly.

. There is no evidence in the case tending to show that the defendant, his company, or Montgomery, intended any trespass or knew they were upon the land of the plaintiff in cutting the timber.

We think the circuit judge erred in his instruction to the jury. We discover nothing in the case indicating any willful or negligent trespass on the part of the defendant or the company's employees. The general rule of damages is the value of the property lost under such circumstances at the time and place of conversion. The declaration avers plaintiff's possession of the land, and the ownership of the prop-

erty taken, and that upon the land the property was taken, and there came to the possession of the defendant by finding, and on the same day and place the defendant converted the same. The record shows this declaration supported by the proofs. Complete indemnity for the actual loss sustained in this case by the plaintiff is what he was entitled to recover. In civil actions the amount of recovery does not depend upon the form of the action, in a case like the present; but whether it be upon contract or in tort, the proper measure of damages, except in cases where punitory damages are allowed, is just indemnity to the party injured for the loss which is the natural, reasonable and proximate cause or result of the wrongful act complained of. *Baker v. Drake* 53 N. Y. 211; *Page v. Fowler* 39 Cal. 412; *Forsyth v. Wells* 41 Penn. St. 291; *Single v. Schneider* 30 Wis. 570; *Hungerford v. Redford* 29 Wis. 345; *Allison v. Chandler* 11 Mich. 542; *Warren v. Cole* 15 Mich. 265; *Daily Post Co. v. McArthur* 16 Mich. 447; *Northrup v. McGill* 27 Mich. 238; *Winchester v. Craig* 33 Mich. 205; *Allen v. Kinyon* 41 Mich. 281; *Weymouth v. Railway Co.* 17 Wis. 550; *Tilden v. Johnson* 52 Vt. 628; *Cushing v. Longfellow* 26 Me. 306; *Ensley v. Nashville* 58 Tenn. 144; *Thompson v. Moiles* 46 Mich. 42. Each case, however, must necessarily to a very great extent depend upon its own peculiar circumstances and equities. *Erwin v. Clark* 13 Mich. 10; *Ripley v. Davis* 15 Mich. 80; *Allen v. Kinyon* 41 Mich. 281.

We think the testimony offered and rejected by the court was competent as evidence tending to show the value of the property, even under the theory of the plaintiffs. It was only one means of arriving at the value of the property at the place where the plaintiff claims the conversion occurred. In no view that we can take of the case, as presented upon this record, can the rulings of the court be sustained; and

The judgment must be reversed and a new trial granted.

The other Justices concurred.