## ANDERSON v. BESSER.

1. TROVER — CUTTING TIMBER — GOOD FAITH — EVIDENCE — TAX DEEDS.

In trover for timber cut from plaintiff's land, tax deeds issued to defendant under the recent laws prescribing a method of foreclosure in chancery are admissible as evidence of good faith, though their invalidity is conceded.

2. SAME.

In such case, the deeds being *prima facie* valid,[1] it is not incumbent on defendant to introduce the anterior proceedings.

3. SAME—MEASURE OF DAMAGES.

One from whose land timber has been cut without authority has his choice of four remedies, viz., trespass *quare clausum*,

---

[1] But see *Dawson* v. *Peter*, 119 Mich. 274 (77 N. W. 997).

replevin, *assumpsit* (under 3 Comp. Laws, § 11207), and trover; but, if he brings trover, he waives the other remedies, and must be content with the rule of damages applicable to that form of action.

4. SAME.

Where defendant cut timber from plaintiff's land in good faith, under belief of title, and removed it to the railroad and sold it, the measure of damages, in an action of trover therefor, was the market value of the logs at the place of sale, less the reasonable cost of cutting and hauling. *Winchester* v. *Craig*, 33 Mich. 205, followed.

Error to Alpena; Emerick, J. Submitted June 6, 1902. (Docket No. 32.) Decided September 30, 1902.

Trover by John W. Anderson, receiver of the estate of Charles L. Ortman, against Herman Besser. From a judgment for plaintiff for less than the amount claimed, he brings error. Affirmed.

Plaintiff was the owner in fee of certain timber lands. The defendant cut and removed therefrom the timber, and hauled the same to the railroad track, where he sold it. Plaintiff brought this action of trover to recover the value of the timber so cut and removed. It was conceded upon the trial that plaintiff owned the land, that defendant had no right to cut and remove the timber, and that plaintiff was entitled to recover its value. As evidence of good faith, the defendant introduced in evidence certain tax deeds for delinquent taxes for the years 1889, 1890, and 1892, which were conceded to be void. The sole purpose of their introduction was to mitigate damages. The proceedings leading up to the sale were not introduced in evidence. The defendant testified that he consulted counsel, who advised him that the tax deeds were valid. He did not disclose who the counsel were. The court instructed the jury that, if they found that the defendant cut the timber thinking in good faith that he owned the land through his tax deeds, then the fair measure of damages would be the market value of the logs at the point where

they were sold by the defendant, less what it was fairly worth to put the logs there. The court afterwards said to the jury:

"If you find that the defendant cut it in good faith, you should give the plaintiff all that the timber was fairly worth on the stump, together with such profit as he might have made in removing it to the railroad."

He also instructed them that, if the trespass was willful, the measure of damages would be what the logs were worth at the railroad, with interest from the time they were delivered. The jury evidently found that the defendant acted in good faith.

*Henry K. Gustin* and *Charles R. Henry*, for appellant.

*Joseph H. Cobb* (*James Francis*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. Two objections were made to the admission of the tax deeds in evidence: (1) That they were not evidence of good faith; and, (2) if they were admissible for that purpose, it was incumbent upon the defendant to introduce all the proceedings upon which such deeds were based.

In support of the first objection, counsel cite and rely upon *Winchester* v. *Craig*, 33 Mich. 205. The language used by Mr. Justice MARSTON at page 222, in which he says, "It is a notorious fact that tax deeds are almost universally upon examination found to be invalid, on account of defects not appearing upon the face of the deed," etc., was not necessary to the decision of the case. The proceedings prior to the issuing of the tax deed by the State were at that time entirely *ex parte*. Since that decision was rendered, new tax laws have been enacted, which provide for suits in chancery in the nature of foreclosure to determine the validity of the tax proceedings. The courts pass upon their validity before sales are decreed. Every taxpayer is thus afforded an opportunity to be heard before his land is sold and deed issued, and has little cause

for complaint if he fails to either pay his tax or contest its validity in court. The statement made in that case by the learned justice was undoubtedly correct, but it cannot apply to tax deeds obtained under the procedure now required by the law. We think, therefore, that the tax deeds and the proceedings prior thereto were admissible as evidence of good faith.

Neither do we think the second objection well taken. The statute makes tax deeds *prima facie* valid. The presumption, as already stated, is in favor of the validity of the chancery proceedings taken prior to decree and sale. The burden was upon the plaintiff to show a fatal irregularity, if any existed. This he failed to do.

2. The next question relates to the measure of damages. Plaintiff now seeks to obtain the value of the timber at the railroad, without any deduction for the cost of cutting and removing it to the railroad. Upon the trial he requested the court to instruct the jury as follows:

"If you find that the defendant cut the timber thinking in good faith that he owned the timber through his tax titles, then the fair measure of damages would be the market value of the logs at the point where they were sold by the defendant, less the amount paid by Mr. Besser to put them on the track, with interest from the date they were placed on the railroad track until the present time. In determining the market value of the logs at the track, the amount for which the defendant sold the logs, of which the timber from the land in question formed a part, should be considered by you."

This request was given, with the modification that they should deduct "what it was fairly worth, or what it would fairly cost, to put the logs upon the track." In closing his instructions the court said:

"But, to sum it all up, you should give the plaintiff, if you find that the defendant, as I have instructed you, acted in good faith in this matter, under his tax titles, all that the timber was fairly worth on the stump on the land in question, together with such profit as he might have made in removing it to the place where it was landed, and then sold at the fair market value for the logs at that place."

Four actions were open to plaintiff: (1) Trespass *quare clausum fregit;* (2) replevin; (3) *assumpsit,* under section 11207, 3 Comp. Laws; (4) trover. In an action of trespass he would recover all damage to the freehold, including the value of the timber removed. In replevin he would recover the property in its changed state, unless the defendant had obtained title by accession under the rule of *Wetherbee* v. *Green,* 22 Mich. 311 (7 Am. Rep. 653). In an action of *assumpsit* he would recover the value of the timber, but upon what basis such value should be determined seems never to have been before the court, and we refrain from expressing an opinion. By bringing an action of trover, these other remedies are waived, and the rule of damages in trover must apply. The general rule in trover is that the plaintiff is entitled to recover the value of the property converted. Difficulties in applying this rule have arisen where the defendant has added to the value of the property converted by his own labor and expense, and where he has obtained possession by fraud or willful wrong, and where his acts were casual and involuntary. The decisions upon the measure of damages where trespasses have been committed, and timber, coal, and other materials have been severed from the realty and converted, are not harmonious and cannot be reconciled. Where the trespass was not intentional, and the manufactured property is worth 27 times the standing timber, the unintentional trespasser obtains title by accession. *Wetherbee* v. *Green, supra; Carpenter* v. *Lingenfelter,* 32 L. R. A. 422, and note (s. c., 42 Neb. 728, 60 N. W. 1022). In applying this doctrine the facts in each particular case must govern. See *Isle Royale Mining Co.* v. *Hertin,* 37 Mich. 332 (26 Am. Rep. 520), where it was held that the property was not so increased in value in its changed state as to justify the application of the rule of title by accession.

Plaintiff relies upon *Grant* v. *Smith,* 26 Mich. 201. The reasoning of that case is not easily reconcilable with *Winchester* v. *Craig, supra,* decided four years later. Three of the justices who decided *Grant* v. *Smith* also

participated in the decision in *Winchester* v. *Craig*, and two of them approved the opinion. It was there held, in an exhaustive opinion, that, in the absence of fraud, violence, or willful negligence or wrong, the proper measure of damages, as a general rule, in trover, is such sum as will afford compensation for the actual injury sustained. The rule in *Grant* v. *Smith* would apply in cases of willful trespasses, and the opinion in *Winchester* v. *Craig* in effect so holds, for it says that, with the tax deed rejected, there was nothing tending to show that defendant acted other than as a willful trespasser. *Winchester* v. *Craig* has been frequently cited with approval by this and other courts, and states the rule which is sustained by the clear weight of authority. It is cited in *Bolles Wooden-Ware Co.* v. *U. S.*, 106 U. S. 432 (1 Sup. Ct. 398), where the rule for assessing damages in such cases is held to be: (1) Where defendant is a willful trespasser, the full value of the property at the time and place of demand or of suit brought, with no deduction for his labor and expense; (2) where he is an unintentional or mistaken trespasser, or an innocent vendee from such trespasser, the value at the time of conversion, less the amount which he and his vendor have added to its value; (3) where he is a purchaser, without notice of wrong, from a willful trespasser, the value at the time of such purchase. See, also, *Ayres* v. *Hubbard*, 57 Mich. 322 (23 N. W. 829, 58 Am. Rep. 361); *Id.*, 71 Mich. 594 (40 N. W. 10); *Gates* v. *Boom Co.*, 70 Mich. 311 (38 N. W. 245); *Bailey* v. *Railway Co.*, 19 L. R. A. 653, and note (s. c., 3 S. Dak. 531, 54 N. W. 596); *Whiting* v. *Adams*, 66 Vt. 679 (30 Atl. 32, 25 L. R. A. 598, 44 Am. St. Rep. 875).

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.