SMITH *v.* BARRETT.

EASEMENTS—DRAINS — HIGHWAYS—WATERS AND WATERCOURSES.
A bill in equity will not lie to enjoin the township highway
commissioner from enlarging a drain under the highway
which, for more than fifteen years previous, had obstructed a
portion of the natural flow of water upon complainant's prem-
ises from the upper proprietors' land, and no prescriptive right
could be gained as against the public to restrict the amount
of water which would otherwise naturally descend upon the
servient estate.[1]

Appeal from Eaton; Smith, J. Submitted November
9, 1909. (Docket No. 12.) Decided December 30, 1909.

Bill by John W. Smith against Orris L. Barrett, high-
way commissioner of the township of Eaton Rapids, to
enjoin the enlargement of a drain. From a decree dis-
missing the bill, complainant appeals. Affirmed.

*Garry C. Fox*, for complainant.

*Joseph B. Hendee* (*Huggett & McPeek*, of counsel),
for defendant.

OSTRANDER, J. A highway runs east and west north
of complainant's land. From the northeast corner of the
land an intersecting highway runs north. There is also a
highway on the west side of the land. Some of complain-
ant's land is low—he owns 120 acres—and in its vicinity
are other low lands. To the west of it are drains; one of
them, at least, being a county drain. With one of them
is connected a drain or ditch some 200 rods in length,
which was dug by complainant, and which extends east

[1] As to rights as to flow of surface water, see note to *Gray* v. *Mc-
Williams* (Cal.); 21 L. R. A. 593.

As to rights acquired in an artificial condition of a body of water,
see note to *Pewaukee* v. *Savoy* (Wis.), 50 L. R. A. 836.

and west across his land.   Into this ditch is discharged
water which flows from lands to the north and the north
and east of complainant's land, which comes to his land
in a ditch or drain in the said north and south highway
on the west side thereof.   This highway ditch or drain
crosses the highway at some distance north of complain-
ant's land, and extends thence north and east.   It is more
accurate to say that the highway was constructed over
and across a ravine which was a natural creek and drain,
the waters of which originally flowed to and upon the
land of complainant.   At the point at which the highway
was built over the ravine there existed, in the year 1880
and thereafter, a 15-inch tile, passing under the roadbed
and about 34 feet in length.   The tile replaced a log cul-
vert.   It was lowered in 1884, taken up and cleaned in
1888 and in 1904.   When the water was high, the capac-
ity of the tile was exceeded.   The highway roadbed acted
as a dam, and not only set back water upon upper pro-
prietors, but was injured by the wash and percolating of
the flood waters.   In 1906 a sum of money was voted by
the township to defray the expense of constructing a 4-foot
concrete conduit 34 feet long in place of the 15-inch tile.
While engaged in some work preliminary to its construc-
tion the highway commissioner was restrained by a tem-
porary injunction issued upon the application of complain-
ant, who filed his bill of complaint to restrain said commis-
sioner and his successors—

"From opening or removing in any manner or to any
extent the said fifteen-inch tile culvert so constructed, and
being through and across the said north and south high-
way at a point about eighteen rods north of the north line
of said east and west highway, running between sections
five and eight of said township, said north and south high-
way being upon the quarter line of section five thereof;
or from taking up or removing said fifteen-inch tile cul-
vert or from constructing in the place of said fifteen-
inch tile culvert any other or different culvert of a larger
size or capacity than the said fifteen-inch culvert which
your orator says was constructed through and across said

highway upwards of eighteen years ago; or from in any manner digging or constructing any culvert at any other place along said highway so as to carry the water so accumulating upon the land of the said Daniel J. Young across said highway or upon the land of your orator in any greater quantities than the same can be carried by said fifteen-inch tile culvert now being through and across the said north and south highway hereinbefore described, and that your orator may have such further and other relief in the premises as the nature of this case shall require, and to this court shall seem just."

Upon the final hearing the court dissolved the injunction and dismissed the bill.

The bill charges a conspiracy between defendant and an upper proprietor to work an injury to complainant by flooding his land. It is conceded that the evidence does not sustain the charge. Beyond this it is the contention of complainant that, while the water carried by the tile and drain may continue as at present to flow upon his land, if the tile is removed and the concrete conduit constructed, the water, in times of flood, will be discharged in shorter time and in larger quantities, beyond the capacity of his ditch, and to his great damage. He asserts that little by little the flow of water in the tile and ditch has been increased by lateral drains and by changing the surface of the land by cultivation and otherwise; that in times of flood the barrier which the highway presents sets back the water to the east and northeast of the tile so that it covers six or more acres of land, and is five or six feet deep in the highway; that the said roadbed and the limited capacity of the tile has been a protection to his land for so many years that he is entitled to have existing conditions continued until a change can be made which will result in no damage to him. It is claimed that an adequate outlet to complainant's ditch to the west should be provided as one safeguard; the testimony, some of it, tending to prove that the outlet was not, at the time this suit was begun, adequate.

We are satisfied by an examination of the testimony

that if the highway is to be properly protected, a larger opening through and under the traveled way is required. We are also satisfied that the failure of the tile to carry the water has been due in part to the fact that the flow was impeded, in the tile, by accumulation of material carried into the tile by the water, its size and situation preventing removal of such material. We are not satisfied that if the flow of water through the tile was unobstructed it would be a sufficient conduit in times of high water. The natural course of all water naturally finding its way into the ravine and watercourse is to complainant's land. It is not the case of an attempt to divert by artificial means and cast upon land water which would otherwise flow in another direction to other land. It is the case of the removal of an artificial impediment to the natural flow of water in a natural watercourse. The township authorities are not asserting a prescriptive right to cast upon complainant's land so much water as the 15-inch tile will carry. As to the natural flow of the water, the complainant's estate was originally the servient estate, and it is now none the less the servient estate, because public authorities have for some time impeded the natural flow by an insufficient artificial conduit. The highway and the tile drain may have protected complainant's land, in a measure, from the flow of water which would otherwise have come upon the land. At least it appears to have prevented its arrival at his land, in times of flood, in the volume and the time in which an open watercourse would have delivered it there.

It is possible that the public has gained, by prescription, the right to set the water back upon lands of the upper proprietors. The point is not involved. But even if the public had such a right, counsel refers to no rule, and we know of none, which secures complainant as against the public authorities charged with the duty of maintaining the highway the right, by prescription, to have the natural watercourse forever obstructed as it has been. There is the further consideration that the flow of water through the

tile has of necessity been variable, depending upon the quantity and character of the obstructing material carried into the tile. We do not consider whether complainant may have the right to complain, in a proper action, of the conduct of upper proprietors in turning water into the natural watercourse by artificial means. We are satisfied that he may not prevent the defendant and his successors preserving the highway by removing the artificial impediment to the natural flow of the water.

The decree is affirmed, with costs to defendant.

BLAIR, C. J., and MONTGOMERY, HOOKER, and BROOKE, JJ., concurred.