[No. 11796.   Department Two.   May 16, 1914.]

JOHN GUNSTONE, *Respondent*, v. CHICAGO, MILWAUKEE &
.PUGET SOUND RAILWAY COMPANY, *Appellant.*[1]

TROVER AND CONVERSION — WILLFULNESS — MEASURE OF DAMAGES.
Where the defendant railroad company's employees removed plain-
tiff's logs, worth $1.50 per thousand, from the right of way, without
notice of the ownership, and transported them to a mill and sold
them for $5 per thousand, the conversion was inadvertent and not
wilful, and the measure of damages is the value of the logs at the
time and place of taking.

Appeal from a judgment of the superior court for Thurs-
ton county, Claypool, J., entered July 17, 1913, upon find-
ings in favor of the plaintiff, in an action in tort, tried to
the court. Reversed.

*Geo. W. Korte* and *Frank C. Owings*, for appellant.

*Thos. M. Vance (Harry L. Parr,* of counsel), for respond-
ent.

MOUNT, J.—The sole question in this case is the measure
of damages for the unlawful taking and conversion of a lot
of logs belonging to the respondent.

It appears that, on June 30, 1909, the appellant railway
company purchased from the respondent a strip of land to
be used as a right of way for the construction of its railway.
The deed conveying the land contained a reservation to the
effect that "the timber on said strip of land is reserved by
said John Gunstone." Shortly thereafter, the right of way
was cleared and the timber cut into logs and piled upon or
along near to the right of way of the appellant company.
More than a year after the timber had been cut, the appel-
lant company desired to clear up its right of way in that

[1]Reported in 140 Pac. 907.

vicinity. It loaded this particular timber, with other timber of its own along its right of way, upon trains, and shipped it to a saw mill owned by one Lundeen, and disposed of the timber at a price of five dollars per thousand, board measure. The object of the railway company in removing the timber was to remove a menace to the safe operation of its railroad. It does not appear that there was any purpose of the railway company or of its employees who were actually engaged in removing the logs to commit a wilful trespass, or to misappropriate the property.

The complaint alleges that the property was wrongfully and unlawfully taken and carried away. It is not alleged in the complaint, nor shown by the evidence, that the taking was wilful or intended to deprive the respondent of his property. The case was tried to the court without a jury. The court found that the appellant sold and delivered the logs to Lundeen for five dollars per thousand, delivered at Lundeen's mill, and that the officials of the appellant company engaged in cleaning up the right of way had no personal knowledge of the ownership of the timber so taken and sold; that the appellant did not commit any unnecessary trespass upon the respondent's land; and allowed the respondent to recover the value of the logs, delivered at Lundeen's mill.

It was shown that the logs lying upon the ground were worth $1.50 per thousand, board measure; that it was worth $3.50 per thousand to load and haul the logs to mill. At the time the action was brought, the appellant conceded that the property had been wrongfully taken, and tendered the value of the logs at the time and place of taking. So that the question in the case is, as above stated, was the respondent entitled to recover the value of the logs at the time and place they were converted by the appellant, or the added value thereof at the place where the logs were sold by the appellant to Lundeen?

In the case of *Chappell v. Puget Sound Reduction Co.*, 27 Wash. 63, 67 Pac. 391, 91 Am. St. 820, an action was

brought for the value of one thousand cords of wood, alleged to have been wrongfully taken from the plaintiff's land by one Diffley. The wood was shipped to Everett and sold to the defendant. The plaintiff claimed the value of the wood at Everett, which was $2.32½ per cord, while the defendant maintained that the plaintiff was entitled to the value of the timber standing on the premises, which was ten cents per cord. We held in that case that where there was no wilful or malicious trespass, the plaintiff's recovery was limited to the value of the property taken at the time and place of conversion. In that case we said:

"The great weight of authority in the United States in regard to the measure of damages in cases of this character is as expressed in *Wooden-ware Co. v. United States,* 106 U. S. 432 (1 Sup. Ct. 398), where it is held that where the defendant was an unintentional or mistaken trespasser, or his innocent vendee, the measure of damages is the value at the time of conversion, less what the labor and expenses of his vendor have added to its value. In *Ayres v. Hubbard,* 57 Mich. 322 (23 N. W. 829, 58 Am. Rep. 361), the court in a case similar to the one at bar, says:

" 'The general rule of damages is the value of the property lost under such circumstances at the time and place of conversion,' and 'Complete indemnity for the actual loss sustained in this case by the plaintiff is what he was entitled to recover.' "

Further along in the same case, we said:

"In the case of *Beede v. Lamprey,* 64 N. H. 510 (15 Atl. 133, 10 Am. St. Rep. 426), the court, after reviewing very many cases, says:

" 'The weight of authority, however, in this country is in favor of the rule which gives compensation for the loss, that is, the value of the property at the time and place of conversion with interest after, allowing nothing for value subsequently added by the defendant, when the conversion does not proceed from wilful trespass, but from the wrongdoer's mistake or from his honest belief of ownership in the property, and there are no circumstances showing a special and pecu-

liar value to the owner, or a contemplated special use of the property by him.' "

And more to the same effect. We think the rule there stated is conclusive of the question presented here. In *Bailey v. Hayden*, 65 Wash. 57, 117 Pac. 720, we said:

"If the taking was inadvertent, the owner is entitled to such damages, and only such, as are compensatory; that is to say, he is entitled to what the trees would be worth on a sale in the condition in which they were at the time of the taking, unenhanced by the labor of making into logs and placing in the water. But if the taking was by wilful trespass, then he is entitled to recover in damages the enhanced value of the timber without any deduction for labor and expense bestowed upon it. In the latter case the damages are not merely compensatory but punitive. In an action of trover, in the absence of statute, the one or the other of these would be the measure of damages, and which of these would be dependent upon turpitude or lack of turpitude in the taker. This is the rule according to the decided weight of authority, both in this country and in England, in cases where no damage to the land itself is claimed." (Citing a number of cases.)

This rule, we think, must govern in this case. It is plain in this case that there was no wilful or wanton trespass. The trial court so found. It is true the appellant had in its possession the deed which reserved the logs in question to the respondent, and as the trial court declared, notice was imputed to the appellant and to its employees that the logs belonged to the respondent. But the mere fact that notice was imputed to the employees did not make a case of wilful trespass. The taking, while it was unlawful, because the property of the respondent, was taken by the employees of the appellant by mistake simply, for the employees who took the property had no actual notice of the fact that the logs belonged to the respondent. They supposed the logs belonged to the appelland company, and by mistake or inadvertence took them away. It is not alleged in the complaint that the taking was wilful, nor was it proven that the appellant or its agents took the property wilfully. The rule for determining the

value, therefore, was the one laid down in *Chappell v. Puget Sound Reduction Co.,* and *Bailey v. Hayden, supra.*

The respondent argues that because he could have maintained an action in replevin for the logs against Lundeen, he is therefore entitled to recover the value of the property at Lundeen's mill. It is not necessary to decide in this case or to discuss the question whether the respondent could have maintained replevin against Lundeen for the logs. Even if he had the right to that remedy, he did not avail himself of it, but pursued his remedy in damages against the railway company which inadvertently converted the logs. For such conversion, he is entitled to the value at the time and place of conversion, and not the enhanced value. In other words, having selected his remedy, he is bound by that selection.

The judgment is, therefore, reversed, and the cause remanded with instructions to the lower court to enter a judgment in favor of the respondent for the amount of the tender only, with costs against the respondent.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.