HUME v. GRAND TRUNK WESTERN RAILWAY CO.

1. APPEAL AND ERROR—ISSUES—TRIAL—FLOODING LANDS.
    In an action against a railroad company for flooding plaintiff's lands, she alleged, and gave evidence tending to prove, that the natural flow of the surface water was from her lands over and across defendant's right of way; that in 1871 defendant graded its right of way so as to obstruct the natural flow; that until about 1902 an open ditch had taken the water off plaintiff's land, but in that year defendant widened its grade and destroyed the ditch; that by reason of said obstruction the water has backed up on plaintiff's land during certain specified years to her injury. The defense was confined mostly to a denial that such ditch ever existed, and the only questions submitted to the jury were whether there had ever been such a ditch and whether it had been filled up; *held*, that the other issues will be treated as if they had been decided in plain-
    192 Mich.—15.

tiff's favor, and that the natural flow of the surface water is from plaintiff's land over and across defendant's right of way, that the water has been held back to her injury during the time alleged, and that defendant has been guilty of actionable wrong unless the verdict of the jury for defendant is equivalent to finding a prescriptive right in its favor.

2. WATERS AND WATERCOURSES—PRESCRIPTION—PROOF.
Where, in such action, a prescriptive right was claimed, it was not a right to maintain the grade, but a right to hold the water back on plaintiff's land, and must be shown by the fact that the water had been held back during the prescribed period of time.

3. SAME—INFERENCE—CONCLUSIVENESS.
And where no way for the escape of the surface water has been shown since the construction of defendant's grade in 1871, the inference that it must have been held back upon plaintiff's land, while very strong, is not conclusive, and is not equivalent to a direct finding by the jury.

4. PLEADING—NOTICE—LIMITATION OF ACTIONS—PRESCRIPTION.
Where the notice annexed to defendant's plea was a notice of the statute of limitations, it presupposed the existence of a right of action which had become barred by lapse of time, rather than of a prescriptive right, which denies that the alleged right of action ever existed.

Error to Calhoun; North, J. Submitted January 7, 1916. (Docket No. 73.) Decided July 21, 1916.

Case by Elizabeth Hume against the Grand Trunk Western Railway Company for damages for flooding plaintiff's land. Judgment for defendant. Plaintiff brings error. Reversed.

*N. A. Cobb,* for appellant.

*L. C. Stanley (L. E. Stewart,* of counsel), for appellee.

PERSON, J. Plaintiff is the owner of a lot in Roberts addition to the city of Battle Creek, and this lot abuts upon the southerly side of defendant's right of

way. The right of way, at least in that locality, runs in an easterly and westerly direction. There was a house built upon the lot in the year 1905, in which plaintiff lived for some time, but of late years the property has been rented. Plaintiff claims that the grade upon the right of way cuts off the natural flow of the surface water and holds it back upon the lot; and she has brought this action to recover damages for the alleged injury. The declaration sets out the cause of action as follows:

"That the said defendant, or its predecessors in title about the year 1871 constructed a grade running east and west through the said Roberts addition, before which time the surface waters from said plaintiff's premises in their natural course found their way northerly to the Battle Creek river; that after the construction of the said grade, as aforesaid, said surface waters from said plaintiff's premises were taken off by means of an open ditch running on the south side of said defendant's grade; that about the year 1902 the said defendant or its predecessors in title raised and widened its grade adjacent to plaintiff's property, and easterly and westerly thereof, and thereby necessarily filled up the said open ditch because of the widening of its grade, and by reason of the construction of the grade and consequent filling of the said ditch, the outlet for the surface waters which had previously existed and the surface water which had, prior to this time, been taken care of by the aforesaid open ditch was flooded back upon the plaintiff's premises, causing the said plaintiff s premises to be flooded and inundated at various times during the years 1909, 1910, 1911, 1912, 1913, and 1914. And the plaintiff alleges that at various times above set forth, that is to say, during the years 1909, 1910, 1911, 1912, 1913, and 1914, the said defendant railway company has continued to injure the plaintiff in the manner above set forth, and has maintained its grade in such a way as to stop the surface water from being carried off the plaintiff's property as it was carried off in its natural state. And the plaintiff alleges that the defendant company has maintained the obstruction to the flow

of said surface water, which obstruction has caused the said surface water to be backed up on said plaintiff's premises, causing the said plaintiff's premises to be flooded and inundated during the years 1909, 1910, 1911, 1912, 1913, and 1914."

It will be observed that the injury complained of is the flooding of the land during the last six years because defendant "has maintained its grade in such a way as to stop the surface water from being carried off in its natural state." Plaintiff asserts no right to have the ditch, which was an artificial water way, kept open, but mentions it to show why the grading of 1871 caused her no injury at the time. Her right of action is based upon the natural, and not upon the artificial, flow of the water; and the natural flow of the water could not be affected by filling the ditch and bringing the surface of the ground to its original level. The averments relative thereto were not therefore material to the *prima facie* establishment of the particular cause of action sued upon, and were probably inserted in anticipation of some claim of prescriptive right.

Upon the trial of the case the course taken was somewhat peculiar. Plaintiff produced evidence tending to prove all the averments in her declaration, including those relative to the ditch; but the defense was confined mostly to a denial that any such ditch ever existed, although one or two witnesses carried the flooding of plaintiff's land back much earlier than 1902. And the only questions submitted by the court to the jury were whether there had ever been such a ditch as plaintiff claimed in her declaration, and whether it had ever been filled up. And they were told:

"If you find that the defendant railroad company has never at any time maintained a ditch from the property in question and not provided an outlet for

any surface water, then I instruct you that your verdict should be in favor of the defendant."

The verdict as rendered for the defendant was consequently based upon the single proposition that the ditch referred to never existed, and therefore was never filled up. And all issues in the case, upon which plaintiff offered evidence, except this one and those which this one determines by necessary inference, must be treated, for the purpose of this appeal, as if they had been decided in plaintiff's favor. This means that the natural flow of surface water is from plaintiff's land over and across defendant's right of way, and that the water has been held back to her injury during the years mentioned, by the grade maintained by defendant. And it further means that, in so holding back the water from its natural course, the defendant has been guilty of an actionable wrong, unless the finding by the jury that no ditch ever existed and that no way has been shown by which the water could have escaped since the first grade was made in 1871 is equivalent to finding a prescriptive right in favor of defendant.

The prescriptive right in question is not a prescriptive right to maintain the grade, but a prescriptive right to hold the water back on plaintiff's land, and must be shown, not simply by the existence of the grade, but by the fact that the water has been held back during the prescribed period of time. Washburn's Easements and Servitudes (4th Ed.), p. 174; *Boyd* v. *Conklin,* 54 Mich. 583 (20 N. W. 595, 52 Am. Rep. 831) ; *Gregory* v. *Bush,* 64 Mich. 37 (31 N. W. 90, 8 Am. St. Rep. 797) ; *Offley* v. *Garlinger,* 161 Mich. 351 (126 N. W. 434).

No way for the escape of the surface water having been shown, the inference that it must have been held back upon plaintiff's land since 1871 is very strong, indeed, but it is not necessarily a conclusive inference,

and is not legally equivalent to a direct finding by the jury that the water had been so held back. This is particularly true in view of the testimony of plaintiff and some of her witnesses that her lot was dry down to 1902 or 1903. For these reasons, the judgment must be reversed, and a new trial granted.

Mention, perhaps, should be made of the fact that the notice annexed to defendant's plea is a notice of the statute of limitations rather than of a prescriptive right, one marked difference between the two being that the former presupposes the existence of a right of action which has become barred by the lapse of time, while the latter denies that the alleged right of action ever existed.

The judgment is reversed, and a new trial granted.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.