BELDEN *v.* BLACKMAN.

1. LIMITATION OF ACTIONS—AMENDMENTS.
  A suit by an amended bill is not barred by limitations if the original bill was filed in time, and the amendment introduces no new cause of action.

2. SAME—FOREIGN JUDGMENT—BURDEN OF PROOF.
  One whose suit to enforce a foreign judgment is barred by limitations unless taken out of the statute by the absence of the debtor from the State has the burden of establishing the exception by showing such absence.

3. EQUITY PLEADING—DEMURRER—ADMISSIONS.
    While a statement of fact in a demurrer to a bill of complaint
       may be considered for the purpose of determining the suffi-
       ciency of the bill, it cannot supply a deficiency in the com-
       plainant's proofs.

Appeal from superior court of Grand Rapids; Newn-
ham, J. Submitted June 18, 1900. Decided September
24, 1900.

Bill by William P. Belden against R. Amelia Black-
man, executrix of the last will and testament of Ezekiel
Jewett, deceased, and George W. Barker, to obtain sat-
isfaction of a judgment. From a decree for complain-
ant, defendant Blackman appeals. Reversed.

*Burlingame & Belden*, for complainant.

*C. H. Gleason*, for appellant.

HOOKER, J. The complainant is assignee, for collec-
tion, of a judgment rendered on the 8th day of December,
1877, by the supreme court of the State of New York, in
favor of Ira W. Watkins, against one George Barker.
This is a proceeding said to be of the nature of a creditor's
bill, and is an attempt to reach a legacy to said Barker in
the hands of the executrix of the will containing the be-
quest. The case has been before us once upon demurrer
(see 118 Mich. 448 [76 N. W. 979] ), and some of the ques-
tions raised upon this record are concluded by our former
opinion. After the former hearing an amended bill was
filed, and it is now urged that the statute of limitations
ran against the New York judgment before said amended
bill was filed, and that the proceeding is therefore barred.
If it was not barred when the original bill was filed, this
defense depends upon whether the amended bill is to be
considered as introducing a new cause of action, in analogy
to the case of *Gorman* v. *Newaygo Circuit Judge*, 27
Mich. 138. Several later cases apply the rule clearly laid
down in the *Gorman Case*, viz., that the action is barred

only when a new and different cause of action is introduced by the amendment, and never when it can fairly be said to be the same cause of action as that originally set up. *Wingert* v. *Wayne Circuit Judge*, 101 Mich. 397 (59 N. W. 662, 45 Am. St. Rep. 417); *Johnston* v. *Insurance Co.*, 106 Mich. 98 (64 N. W. 5); *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 501, 502 (63 N. W. 506); *Loranger* v. *Davidson*, 110 Mich. 607 (68 N. W. 426); *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 149 (71 N. W. 466). There was no new cause of action introduced by the amendment.

The point is also made that this suit is barred under the Michigan statute. The record shows that the suit was begun about 19 years after the rendition of the New York judgment, and under the Michigan statute (3 Comp. Laws 1897, § 9734) it was necessary to bring an action upon it within 10 years. *Home Life Ins. Co.* v. *Elwell*, 111 Mich. 689 (70 N. W. 334). The lapse of 19 years before suit, which appears on the face of the bill, is necessarily fatal to complainant's suit, unless it is saved by section 9736, which is as follows:

"If, at the time when any cause of action mentioned in this chapter shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor after such person shall come into this State; and if, after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

Under the case of *Ayres* v. *Hubbard*, 71 Mich. 599 (40 N. W. 10), the burden is upon the complainant to show such exception. See, also, 2 Greenl. Ev. § 431, note 1. There is no proof in this case, to which our attention is called, that shows that Barker ever resided in Michigan. Counsel for defendant so asserts in his brief, and complainant's counsel content themselves with saying:

"Appellant argues that continuous nonresidence of Barker was not proved. Such proof was unnecessary.

Complainant showed that he was a nonresident at a certain time, and that he is now.   This raises a presumption of continuous nonresidence, until it is rebutted by proof to the contrary by appellant.   It was not claimed by the appellant at the hearing below that Barker ever resided in Michigan, and in fact she has obligingly informed us in her demurrer to the original bill that he never has resided in this State."

They do not point out this proof.

The demurrer is not before us, and we are not, therefore, advised of its contents; but, if it were, we could not take it as an admission of the fact mentioned.   It was apparently so taken upon the former hearing for the purpose of determining the sufficiency of the bill of complaint, but it can be considered an admission for no other purpose.   A demurrer is said to admit all of the allegations of the bill, but that is not for the purpose of a trial of the merits; it is only for the determination of the sufficiency of the paper demurred to.   If it were otherwise, it might be claimed that it was unnecessary to prove any of the statements of the bill, because they were admitted by the demurrer.   Under our former decision, proof of nonresidence was admissible under the bill, but the necessity of proof was not dispensed with.   There was some hearsay testimony that Barker lived in Arkansas, and an opinion expressed that he never lived in Michigan; but this was taken under objection, and should be given no weight.   It was, however, shown that he lived in Tioga county, N. Y., "until the spring of 1878," when the testimony clearly implies that he left there.   We have not found testimony tending to prove that he has not ever since resided in Michigan.   We must therefore hold that the complainant has not shown the case to be within the exception of the statute.   This is fatal, and it is unnecessary to discuss other questions raised.

The decree is reversed, with costs of both courts.

The other Justices concurred.