## HAMMEL v. BETTISON.

1. Process—Alias Summons—Limitation of Actions.

 There was a fatal break in the continuity of an action where alias summons was not issued until 31 days after the last day for service of the original writ and some 21 days after return of plaintiffs' counsel to his office upon completion of a tour of military duty and the statute of limitations had run its course after issuance of the original summons, the tardy alias summons not being considered as a new summons under such circumstances (CLS 1956, § 609.13; Court Rule No 13, § 2 [1945]).

2. Limitation of Actions—Nonresident Motorists—Substituted Service of Process.

 The statutory provision for substituted service of process upon a State official in cases arising out of motor vehicle accidents in which the defendant is a nonresident, as defined by statute, accompanied by notice by registered mail to such defendant nullifies the provision suspending the period of limitations as provided by the general statute of limitations (CLS 1956, §§ 257.403, 609.13; PA 1949, No 300, § 403a, as added by PA 1957, No 92).

3. Same—Fictional Presence of Nonresident Motorist.

 The fictional presence of a nonresident defendant motorist in the State, imposed by law upon him by appointing the secretary

---

References for Points in Headnotes

[2, 4] 5A Am Jur, Automobiles and Highway Traffic § 871; 34 Am Jur, Limitation of Actions § 221.

 Provision of statute of limitations excluding period of defendant's absence from the State as applicable to a cause of action against individual who was a nonresident when action was commenced. 17 ALR2d 502, 516.

[3] 5A Am Jur, Automobiles and Highway Traffic § 861.

of State for purposes of service of process, also causes the period of limitations to run (CLS 1956, §§ 257.403, 609.13).

4. SAME—SUSPENSION—NONRESIDENT MOTORIST.

The statute of limitations is not suspended during the absence from the State of a defendant motorist who becomes a nonresident after accident giving rise to plaintiffs' alleged cause of action, in view of statutory method of obtaining service of process upon defendant during entire 3-year period (CLS 1956, §§ 257.403, 609.13; PA 1949, No 300, § 403a, as added by PA 1957, No 92).

Appeal from Kent; Searl (Fred N.); J. Submitted October 4, 1960. (Docket Nos. 13, 14, Calendar Nos. 48,564, 48,565.)   Decided February 28, 1961.

Case by Grace Hammel against Judith A. Bettison, also known as Judith A. Bettison Worthen, for personal injuries sustained in automobile collision. Similar action by James L. Hammel. Substituted service of alias summons made on defendant. Cases dismissed on motion, with determination that alias summons were not timely issued and that statute of limitations had run. Plaintiffs appeal. Affirmed.

*Mitts, Smith, Haughey & Packard (David O. Haughey,* of counsel), for plaintiffs on appeal.

*Allaben, Davids & Massie,* for defendant.

KELLY, J. Plaintiffs, husband and wife, residing in Kent county, claim damages as the result of an automobile accident which occurred on a public highway in Kent county, Michigan, on June 13, 1956. At the time of accident defendant was also a resident of Kent county.

The day before the expiration of the 3-year statute of limitations* period, namely, June 12, 1959, suits

---

* CLS 1956, § 609.13, subd 2 (Stat Ann 1959 Cum Supp § 27.605).
—REPORTER.

were commenced by issuance of summonses which were placed in the hands of the county deputy sheriff for service. Declarations were filed the following June 25th.

The summonses provided that service was to be made on or before August 7, 1959. August 8, 1959, the deputy sheriff indorsed upon the original summonses a return that he was unable to find defendant within his bailiwick and mailed the summonses to the office of plaintiffs' attorney.

September 9, 1959, petitions for alias summonses were filed by plaintiffs' attorney and petitioner endeavored to secure a delay by stating:

"Petitioner further shows that there was received in the office of petitioner an envelope dated August 7, 1959, which had enclosed original summons and a copy of said summons dated August 8, 1959, stating that service could not be made on the defendant because they could not be found. Petitioner further shows that he was performing a tour of active duty in the army reserve at the time this letter was received in his office.

"Petitioner further shows that he had a new secretary in his office and some of his mail was misplaced and that he had no notice of said letter until some time after the return to his office from said tour of duty on or about August 18, 1959."

Kent county Circuit Judge Fred N. Searl issued orders authorizing the issuance of alias summonses and aliases were duly issued on September 9, 1959, to be served on or before December 5, 1959.

The alias summonses were served upon the secretary of State of the State of Michigan on September 16, 1959, and on September 18, 1959, true copies of said summonses were served by registered mail, together with notice that the same had been served upon the secretary of State, addressed to the defend-

ant at her residence in Louisiana.* Return of service upon the secretary of State and proof of registered mail service upon the defendant, with post office receipt and registered mail receipt, were duly filed with the Kent county circuit court.

Defendant appeared specially and moved to dismiss on the following grounds:

"1. The alias summons and order upon which it was based are improper and were inadvertently issued, there having been no valid showing for the issuance of the same, as required by the statute.

"2. At the time of the issuance of the alias summons, the statute of limitations had expired on this action and there was no continuity of the pending suit to toll the statute.

"3. No showing of failure of service of the original summons was filed within 5 days of the return day thereof as required by law and the continuity of live process was therefore terminated as alias summons was not issued until 33 days after the return date of the original summons.

"4. Defendant has not been properly served with valid process in this cause."

After oral arguments and submission of written briefs, the circuit judge filed a carefully prepared and extensive opinion holding that the continuity of the lawsuits was broken by the delay in seeking the alias writs and that the period of limitations was not suspended during defendant's absence from Michigan. Orders were entered dismissing the cases with full prejudice for the reason that they were barred by the statute of limitations.

Court Rule No 13, § 2 (1945), provides:

"On the return of the writ, unserved, further writs, to be designated as first alias, second alias, et cetera, as the case may be, may be issued as of course at

* See addition of CL 1948, § 257.403a, by PA 1957, No 92 (Stat Ann 1960 Rev § 9.2103[1]).—REPORTER.

any time within 10 days after the filing of such return or within a reasonable time thereafter by leave of court on good cause shown."

We quote with approval the following from Judge Searl's opinion:

"Here the alias did not issue until 31 days after the last day for service of the original writ and not until 21 days after the return of plaintiff's counsel to his office.

"An alias, therefore, could not issue as a matter of course on September 9th.

"When the statute of limitations is not involved, irregularities in the issuance of the alias writ are not important, as the alias will then be treated as a new writ and as commencement of a new suit and sustained accordingly, *Burroughs* v. *Teitelbaum*, 309 Mich 251.

"However, when the statute of limitations has run before the issuance of the alias, a 'break in the continuity of the action' prior to the issuance of the alias is fatal and bars the action. *Parker Brothers Co.* v. *Pennsylvania R. Co.*, 242 Mich 214; *Danaher* v. *Ross*, 278 Mich 485; *Home Savings Bank* v. *Young*, 295 Mich 725; *Home Savings Bank* v. *Fuller*, 299 Mich 9; *Yeager* v. *Mellus*, 328 Mich 243."

Because the case of *Home Savings Bank* v. *Young*, 295 Mich 725, involved facts substantially the same as those involved in this appeal, we refer to and quote from that case: Suit was started July 13, 1939. The statute of limitations ran on July 25, 1939. A first alias was properly presented with its last day of service October 20, 1939. On November 21, 1939, an application was made to the court for an order permitting the issuance of a second alias and on the following November 25th an *ex parte* order was made and alias issued. In this case our Court held (p 733):

"On this record we would not be justified in reversing the holding of the circuit judge. Except plain-

tiffs, by compliance with the court rules, avoided a breach of continuity in prosecuting their suit, defendants were entitled to assert the defense of the statute of limitations. Plaintiffs and their counsel were charged with notice, because court rules so provide, that the sheriff holding the first alias for service was obligated to file the return of nonservice on or before October 25, 1939; and in default of such return, it was the duty of plaintiffs to take prompt action to secure performance of the officer's duty. The return was not filed until November 4, 1939. Plaintiffs did not secure issuance of a second alias until November 25, 1939. This was 31 days after the date on which plaintiffs were bound to know that return of nonservice should have been filed. On hearing the motion to quash, evidently the circuit judge concluded that the application for the second alias, petitioned and ordered November 21st, but issued November 25th, was not 'within a reasonable time * * * [and] on good cause shown,' as required by court rule. Court Rule No 13, § 2.* To have held otherwise would have deprived defendants of their statutory defense. If plaintiffs had not instituted suit until 31 days after right of recovery had been barred by the statute of limitations, it would hardly be contended that the trial court would have been in error in ordering dismissal. Under the circumstances of this case plaintiffs' delay for a like period in securing issuance of the second alias was not less grievous. The order quashing the second alias should stand."

We agree with the trial court's finding that the continuity of the lawsuits was broken and that the statute of limitations barred plaintiffs' actions unless defendant's absence from the State tolled the statute.

An issue is presented for the first time to this Court requiring a determination of legislative intent as expressed in the statute of limitations (CL 1948,

---

* Same rule and section of Court Rules (1945) applicable.—REPORTER.

§ 609.17 [Stat Ann § 27.609]) and the nonresident motor vehicle liability statute (CLS 1956, § 257.403 [Stat Ann 1960 Rev § 9.2103]).

CL 1948, § 609.17 (Stat Ann § 27.609), being section 17 of the statute of limitations, reads:

"If at the time when any cause of action shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into this State; and if after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from this State, any and all periods of absence in excess of 2 months at 1 time, shall not be taken as any part of the time limited for the commencement of the action."

The nonresident motor vehicle liability statute, to which appellee refers (CLS 1956, § 257.403 [Stat Ann 1960 Rev § 9.2103]), provides:

"From and after the effective date of this act, service of summons in any action against a person, who at the time of such service is a nonresident of this State, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this State or in which a motor vehicle owned by him may have been involved while being operated with his consent, express or implied, on such public highway, may be made upon the secretary of State as the true and lawful attorney of such person with the same legal force as if served on him personally within this State. Service of such summons shall be made by leaving a copy thereof with the secretary of State, or his deputy, who shall keep a record of each such process and the day and hour of service, and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent

by registered mail by the plaintiff or his attorney to the defendant: And provided further, That if personal service of such notice and copy of summons be had upon the defendant the officer making the service shall so certify in his return which shall be filed with the court having jurisdiction of said cause, or if service be made by registered mail then the plaintiff or his attorney shall make an affidavit showing that he has made service of the notice of summons upon the defendant by registered mail as herein provided and the affiant shall attach thereto a true copy of the summons and notice so served and the registry receipt of the defendant and shall file the affidavit and attached papers with the court having jurisdiction of said cause. The court in which the action is pending may order such extension of time as may be necessary to afford the defendant reasonable opportunity to defend the action."

The question presented has been considered by courts of States other than Michigan. We quote from 17 ALR2d 502, 516:

"Where provision is made by statute for substituted service of process upon a State official in cases arising out of motor accidents within the State, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations."

The United States court of appeals in *Moore* v. *Dunham* (CCA 10), 240 F2d 198, 201, held:

"Oklahoma courts have not construed section 98 (Title 12, Okla Stat Ann) in connection with the provisions for service of process under the nonresident motorist act. But the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a State official arising out of motor accidents within the State has the effect of nullifying any statute suspending the period of limitations. * * * Such view is said to be consistent with the purpose of substituted service, *i.e.*

expeditious adjudication of the rights of the parties; that by creating substituted service, the legislature obviously intended to provide an exception to the suspension provisions; and that a contrary conclusion would permit a plaintiff to defer the institution of his action indefinitely to the prejudice of the defendant."

The Illinois appellate court (1st district) in *Nelson* v. *Richardson*, 295 Ill App 504 (15 NE2d 17), dealt with the same question as here presented, with practically identical statutes of limitation and nonresident substituted service of process, and stated (pp 509, 510):

"As suggested in defendant's brief, to permit a plaintiff to defer service indefinitely when the opportunity for service is continuously open would cause a great hardship, especially where a defendant may never know until years have passed that he is charged with negligence. As was said in the instant case by the trial court, if plaintiff could wait more than 2 years and 7 months after the cause of action accrued before making this defendant a party, then, if plaintiff's contention is well founded, she could have waited 22 years and 7 months, or any other lengthy period, before suing this defendant, which would be intolerable and in conflict with the purpose of the statute of limitations.   *   *   *

"Plaintiff's theory is in conflict with the primary purpose of the act, which is to give speedy adjudication of the respective rights of the parties and to give the plaintiff compensation for damages if so entitled. As was said in *Pawloski* v. *Hess*, 250 Mass 22, 24 (144 NE 760, 35 ALR 945)*, 'the aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this Commonwealth.' "

---

* See *Hess* v. *Pawloski*, 274 US 352 (47 S Ct 612, 71 L ed 1091), *post* 406.—REPORTER.

In a 1959 decision, the superior court of Delaware, in *Hurwitch* v. *Adams,* 52 Del — (151 A2d 286, 288, 289), said:

"A literal reading of the provisions of section 8116 (Title 10 Delaware Code Ann) tends to support plaintiff's view.

"However, the obvious purpose and the only purpose of section 8116 is to allow reasonably diligent plaintiffs the statutory period within which to obtain service upon an absent or once absent and later elusive defendant. Where service of process through substituted service was apparently available during the period of limitations and when there is no evidence that any attempt was made to obtain such service, it cannot be said that defendant Adams was 'out of the State' within the meaning of this statute. Indeed, within the meaning of this statute, Adams was present and available for service of process through his statutory agent, the secretary of State.
\* \* \*

"The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the State for purposes of service of process and the same fiction causes the period of limitations to run.

"To hold otherwise would be to permit a plaintiff, who has a claim against a nonresident operator or owner of a motor vehicle, to ignore indefinitely his right to make use of substituted service of process and bring an action thereunder whenever he chooses without any regard whatsoever for the periods of limitations."

The most recent case dealing with the question here presented to this Court, and under similar facts and practically identical statutes, is *Whittington* v. *Davis,* 221 Or 209 (350 P2d 913), wherein the Oregon supreme court in April, 1960, held (p 915):

"ORS* 12.150 provides that the statutes of limitation are tolled when the defendant is a nonresident or secreted within the State. Plaintiff contends that if we adopt the view that the availability of a statutory agent for service upon a motorist avoids the tolling of the limitation statute we will impliedly amend ORS 12.150. Plaintiff says we would thereby amend the tolling statute to add a limitation, not otherwise expressed, that it does not apply when a motorist is a defendant. Some of the cases relied on by plaintiff, previously cited, do so hold. We cannot agree with this theory. The effect of our holding is merely to say that a motorist using the highways of Oregon, within ORS 15.190, makes himself available for the service of summons upon him by the designation of a lawful agent for that purpose. The availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply the tolling statute at all.    *    *    *

"There is also a matter of policy involved in this case. If we would accede to plaintiff's argument it would mean that a plaintiff could indefinitely postpone the filing of an action against a nonresident motorist. He could await a propitious time when witnesses or parties were unavailable and thereby effectively deprive a defendant of any defense the defendant may have. The plaintiff's theory could well lead to the equivalent of fraud."

The Michigan legislature met the United States supreme court test as established in *Hess* v. *Pawloski,* 274 US 352 (47 S Ct 632, 71 L ed 1091), wherein a Massachusetts statute, comparable to the Michigan statute, was upheld, and by *Wuchter* v. *Pizzutti,* 276 US 13 (48 S Ct 259, 72 L ed 446, 57 ALR 1230), where a New Jersey statute, which provided for service upon the secretary of State but did not provide

---

* Oregon Revised Statutes.—Reporter.

for notice to be given defendant, was held to be unconstitutional.

We have referred in this opinion to decisions of the courts of Illinois and Oregon on questions similar to the one presented to us. In both States the statutory provisions are also similar to the Michigan statutes.

Appellants' argument is based mainly on 3 points:

(1) That CL 1948, § 609.17, the statute of limitations, was in effect when the legislature enacted section 403 of the Michigan motor vehicle code, and it would have been easy either on the original enactment or on the occasion of any of these amendments to have provided that the statute of limitations would not be suspended during the absence from the State of a nonresident motorist. The legislature would have had the undoubted power to do this, and if it had intended this result it would have been no trick at all to pin another sentence on the Michigan motor vehicle code or upon the statute of limitations to accomplish that result. It has not chosen to do so; and

(2) That in spite of the new statute it is still necessary for the plaintiff to ascertain the whereabouts of the defendant and make arrangements for service upon him at a distant place, and the plaintiff must also be prepared, if he makes use of the new statute, to pay the expenses of the defendant to and from Michigan in the event he is unsuccessful in his suit. The legislature may well have considered that it would be reasonable to permit the plaintiff to await the return of the defendant to Michigan before commencing his suit so as to avoid the added taxable costs and to avoid the expense and trouble and uncertainties of service on the defendant in a distant place, as well as finding him; and

(3) That the Michigan Supreme Court construes statutes and legislative intent differently than other

States which have decided that the statute of limitations was not tolled by a defendant's absence from the State.

We disagree with all 3 of appellants' contentions.

After consideration of decisions from other jurisdictions* and the briefs and appendix submitted on this appeal, this Court adopts the majority decision of the several States, namely: That the statute of limitations is not suspended during the absence from the State of a nonresident motorist.

We approve the trial court's opinion, which states:

"Defendant was a resident of Michigan from the date of the accident (1956 to the summer of 1958). During those 2 years personal service could be had upon her. At the time she removed to Louisiana in 1958, the statute permitted service to be made upon her by serving upon the secretary of State 'with the same legal force as if served upon him personally within the State'. Accordingly, during the entire 3-year period following the accident it was possible to make such service upon the defendant as would give the courts of this State personal jurisdiction over the defendant and to enter a judgment *in personam* against her."

---

* *Arrowood* v. *McMinn County*, 173 Tenn 562 (121 SW2d 566, 119 ALR 855); *Bode* v. *Flynn*, 213 Wis 509 (252 NW 284, 94 ALR 480); *Bolduc* v. *Richards*, 101 NH 303 (142 A2d 156); *Bond* v. *Golden* (CCA 10), 273 F2d 265; *Busby* v. *Shafer*, 75 S D 428 (66 NW2d 910); *Coombs* v. *Darling*, 116 Conn 643 (166 A 70); *Couts* v. *Rose*, 152 Ohio St 458 (90 NE2d 139); *Gotheiner* v. *Lenihan*, 20 NJ Misc 119 (25 A2d 430); *Hurwitch* v. *Adams*, 52 Del — (151 A2d 286, 288); *Karagiannis* v. *Shaffer* (WD Pa), 96 F Supp 211; *Maguire* v. *Yellow Taxicab Corp.*, 253 App Div 249 (1 NYS2d 749), rehearing denied 253 App Div 890 (2 NYS2d 1021), affirmed without opinion 278 NY 576 (16 NE2d 110); *Moore* v. *Dunham* (CCA 10), 240 F2d 198, 201; *Nelson* v. *Richardson*, 295 Ill App 504 (15 NE2d 17); *Peters* v. *Tuell Dairy Co.*, 250 Ala 600 (35 S2d 344); *Reed* v. *Rosenfield*, 115 Vt 76 (51 A2d 189); *Smith* v. *Pasqualetta* (Mass), 146 F Supp 680; *Whittington* v. *Davis*, 221 Or 209 (350 P2d 913); *Staten* v. *Weiss*, 78 Idaho 616 (308 P2d 1021).

We affirm the trial court's orders dismissing the cases. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.