CHIPPEWA VALLEY SCHOOLS v DEPARTMENT OF PUBLIC
INSTRUCTION

Docket No. 77-4145. Submitted June 22, 1978, at Detroit.—Decided
August 8, 1978.

Chippewa Valley Schools brought an action for a declaratory
judgment against the Michigan Department of Public Instruc-
tion and Macomb County alleging that the state applied the
wrong tax equalization figures in calculating the amount of
state school aid to be paid to plaintiff, or in the alternative,
that the county erred in the same manner, and requesting that
the state and county actions be declared unlawful and invalid.
Several other school districts intervened as plaintiffs. The
Macomb Circuit Court, Norman A. Baguley, J., granted an
accelerated judgment in favor of the Department of Public
Instruction, and in a subsequent order granted plaintiffs a
summary judgment against the county. All but two of the
plaintiffs appeal the accelerated judgment in favor of the
Department of Public Instruction. *Held:*

The remedies requested by the plaintiffs were alternative and
mutually exclusive. Because the summary judgment against
the county effectively grants the plaintiffs the relief they re-
quested, the appeal should be dismissed as moot.

Appeal dismissed.

APPEAL AND ERROR—DISMISSAL OF APPEAL—DISMISSAL AS MOOT.

An appeal should be dismissed as moot where a plaintiff's com-
plaint requested two alternative and mutually exclusive reme-
dies, a judgment denying one remedy was entered, the trial
court subsequently entered another judgment which effectively
granted the other remedy for which the plaintiff prayed, and
the plaintiff appeals from the denial of the first remedy.

*Robert P. Dank, P. C.* (by *Robert P. Dank* and
*Thomas L. Treppa),* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 761, 762, 913.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young* and *George L. McCarger,* Assistants Attorney General, for defendant Department of Public Instruction.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order entered in Macomb County Circuit Court granting the motion of defendant Michigan Department of Public Instruction for accelerated judgment.

The trial court's opinion, attached to the judgment, concluded that a prior mandamus action was res judicata to the instant case.[1]

Reduced to bare essentials, plaintiffs seek to secure the 1975 school funding to which they are entitled pursuant to state statute, MCL 388.1101 *et seq.;* MSA 15.1919 (501) *et seq.* Defendant State of Michigan contends that plaintiffs were deprived of full funding in 1975 because defendant Macomb County improperly based its 1975 tax levy on county equalized valuations rather than the higher state equalized valuations, and that plaintiffs must look to the county to remedy the error. Defendant Macomb County contends that plaintiffs were deprived of full funding in 1975 because the state improperly allocated supplemental state school aid on the basis of state equalized valuations rather than the lower county equalized valuations. In their prayer for relief, plaintiffs re-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *See* Michigan Court of Appeals order in *L'Anse Creuse Public Schools v Superintendent of Public Instruction,* Docket No. 26008, issued 11-24-75, ordering dismissal of a mandamus complaint which sought the same relief as plaintiffs desire in this case.

quested the trial court to declare the state's action and the county's action unlawful and invalid. Of course, these are alternative and mutually exclusive remedies.

Subsequent to the entry of accelerated judgment in favor of the state, the trial court, by order dated September 29, 1977, entered summary judgment against the county. Plaintiffs have effectively received the relief for which they prayed. The entry of summary judgment against Macomb County has rendered this appeal moot. Should plaintiffs desire ancillary coercive relief, they may move the trial court for an appropriate order pursuant to GCR 1963, 521.6. This appeal is hereby dismissed as moot.

No costs, a public question being involved.