SCHUMACHER v TIDSWELL

Docket Nos. 68842, 70785. Submitted June 7, 1984, at Lansing.— Decided November 6, 1984.

Sallie J. Schumacher and others, plaintiffs, owned an assignment of a 1964 money judgment against David J. Tidswell, defendant. In 1965 plaintiffs obtained a Michigan judgment against defendant based on the Florida judgment. In the ten years following the entry of the Michigan judgment, defendant was not a resident of Michigan, was not present in Michigan, had no tangible property in Michigan and otherwise had no known contact with Michigan. Thus, plaintiffs were not able to gain satisfaction of the Michigan judgment and did not seek to have it renewed, as is required after ten years. However, defendant was a contingent-remainder beneficiary of a trust being administered by the National Bank of Jackson, in Jackson, Michigan. On August 28, 1979, after the last life-beneficiary of the trust died, the Jackson County Probate Court assigned a one-quarter share of the trust assets to defendant. Thereafter, the National Bank of Jackson commenced an interpleader action to settle the claims of plaintiffs and defendant to these trust funds. In its opinion of September 24, 1980, the trial court granted defendant's motion for accelerated judgment, based on lack of personal jurisdiction and expiration of the period of limitation. The trial court held that a foreign resident's vested, contingent claim is not a sufficient basis for personal jurisdiction and that the plaintiffs' 1965 Michigan judgment was unenforceable under Michigan law since more than 10 years had passed from its entry. The court concluded that the operation of the statute of limitations was not tolled by defendant's absence from the state, since, in the court's opinion, it was not the purpose of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 762.
[2, 3] 46 Am Jur 2d, Judgments §§ 367, 905.
   47 Am Jur 2d, Judgments § 1248.
[3] 46 Am Jur 2d, Judgments §§ 370, 375.
[4] 46 Am Jur 2d, Judgments §§ 477, 478.
   73 Am Jur 2d, Summary Judgment § 26.
[5] 4 Am Jur 2d, Appeal and Error §§ 168-171.
   17 Am Jur 2d, Contempt § 25.

tolling statute "to give perpetual life in Michigan to judgments of foreign states against their own citizens who have never entered this state". Plaintiffs did not appeal from the order of accelerated judgment as to the 1965 Michigan judgment. Instead, on January 9, 1980, plaintiffs commenced a second action based on the Florida judgment in the Jackson Circuit Court. The circuit court again granted defendant's motion for accelerated judgment on the basis of lack of personal jurisdiction. Plaintiffs appealed from this order. On June 17, 1982, this Court affirmed in an unpublished memorandum opinion, Docket No. 56674, holding that the court did not have personal jurisdiction over defendant but suggesting that plaintiffs' remedy was to commence an in rem action in circuit court. On September 7, 1982, plaintiffs commenced the instant action in the Jackson Circuit Court, alleging in rem jurisdiction. Plaintiffs calculated the amount then owed them under the 1964 Florida judgment to be $26,939.58. On September 7, 1982, plaintiffs obtained a prejudgment writ of attachment and the Jackson County Sheriff attached defendant's trust property, which consisted of debentures, notes, and cash. On September 20, 1982, defendant again moved for accelerated judgment, based on lack of jurisdiction, res judicata, and expiration of the period of limitation. The trial court issued three opinions concerning defendant's motion. In the first, it concluded that the court could not exercise in rem jurisdiction over the defendant and his motion for accelerated judgment should therefore be granted. Upon plaintiffs' motion for rehearing, the trial court issued a second opinion, finding that the court did in fact have in rem jurisdiction and that plaintiffs' claim was not barred by the statute of limitations or res judicata. Finally, in its opinion and order of December 16, 1982, the trial court, Russell E. Noble, J., granted defendant's motion for accelerated judgment, concluding that plaintiffs' claim was barred by the 10-year Michigan statute of limitations and that defendant's absence from the state did not toll the running of the period of limitation. Plaintiffs appealed.

On January 20, 1983, defendant Tidswell filed an ex parte motion for an order to show cause why Richard Stavoe, Jr., and William Marcoux, plaintiffs' attorneys, and Barbara Dwyer, Deputy Sheriff of Jackson County, should not be held in contempt of court. In his motion, defendant alleged that Stavoe and Marcoux obtained possession of his assets, held by Dwyer pursuant to the prejudgment writ of attachment, took them to Lincoln County, Wyoming, where Tidswell resided, and turned them over to the Lincoln County Sheriff for conveyance to the plaintiffs. Tidswell alleged this to be a violation of Michigan

law and requested the court to find Marcoux, Stavoe, and Dwyer in contempt of court, punish them by fine or imprisonment, and order damages to Tidswell. On January 20, 1983, the circuit court entered an order to show cause. Following the disqualification of all of the Jackson Circuit Court judges, the case was assigned to a visiting judge from Washtenaw County. A hearing was held on Tidswell's motion on March 25, 1983. At the hearing, respondents Stavoe and Marcoux admitted that the assets were removed from Michigan but offered to prove that those assets were in fact turned over to petitioner Tidswell and then were seized by the Lincoln County, Wyoming, Sheriff pursuant to a writ of execution based on the 1964 Florida judgment. They attempted to show that the property had been delivered to Tidswell in good faith and that they no longer had possession or control over the assets. The trial court, Patrick J. Conlin, J., ruled that what had happened to the assets once removed from Michigan was irrelevant and that Stavoe was in contempt of court in that he had committed a fraud on the court. The court, claiming to be interested only in the return of the assets to the jurisdiction of the Jackson Circuit Court, refused to hear respondents' arguments concerning their inability to return the assets and ordered that Stavoe produce the assets, a surety bond, or cash having the same total value as the property. Respondent filed a letter of credit with the Jackson Circuit Court. On April 7, 1983, the trial court entered an order approving the letter of credit and purging respondent of contempt. Respondent Stavoe appeals as of right from the March 25, 1983, and April 7, 1983, orders of the trial court. The appeals were consolidated by the Court of Appeals. *Held:*

1. Defendant argued that plaintiffs' appeal should be dismissed as moot, since the underlying judgment has been satisfied. An important test in determining mootness is whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of the plaintiff, to grant any relief. In this case, it is possible for the Court of Appeals to grant relief, since a decision that accelerated judgment was improper would arguably justify the vacation of the contempt order.

2. Running of the period of limitation for enforcement of judgment, including foreign judgments, is tolled where the defendant is not amenable to process sufficient to vest the Michigan courts with jurisdiction over him or his property. Thus, the lower court erred in holding that the plaintiffs' cause of action on the Florida judgment was barred by the statute of limitations.

3. Plaintiffs' claim of appeal was not barred by application of

the doctrine of res judicata, since the doctrine of res judicata applies to bar a subsequent action only where a prior action was decided on its merits. The prior action was terminated by accelerated judgment, which does not go to the merits.

4. Officers of the court, including attorneys, are obligated to respect orders of the court until they are reversed on appeal and may be held in contempt for failure to do so.

Affirmed in part, reversed in part and remanded with instructions.

1. APPEAL — MOOTNESS.

An important test in determining mootness is whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of the plaintiff, to grant any relief.

2. LIMITATION OF ACTIONS — ENFORCEMENT OF JUDGMENTS — CHOICE OF LAWS.

Statutes of limitation concerning the enforcement of judgments are procedural and the law of the forum applies.

3. LIMITATION OF ACTIONS — TOLLING — ENFORCEMENT OF JUDGMENTS — FOREIGN JUDGMENTS.

Running of the period of limitation for enforcement of judgments, including foreign judgments, is tolled where the defendant is not amenable to process sufficient to vest the Michigan courts with jurisdiction over him or his property (MCL 600.5853; MSA 27A.5853).

4. ACTIONS — DEFENSES — RES JUDICATA — ACCELERATED JUDGMENTS.

The doctrine of res judicata applies to bar a subsequent action only where a prior action was decided on its merits; thus res judicata does not bar a subsequent action where the prior action was terminated by the granting of an accelerated judgment, since an accelerated judgment motion does not test the merits of the action.

5. CONTEMPT — OFFICERS OF THE COURT.

Officers of the court, including attorneys, are obligated to respect orders of the court until they are reversed on appeal and may be held in contempt for failure to do so.

*Marcoux, Allen, Beaman & Cheney, P.C.* (by *Richard C. Stavoe, Jr.),* for plaintiffs.

*Law Offices of Steven B. Haffner, P.C.* (by *Steven B. Haffner),* for defendant.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *James W. Bodary* and *Raymond W. Morganti*), for respondent Richard C. Stavoe, Jr.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. In Docket No. 68842, plaintiffs appeal the trial court's order granting accelerated judgment in favor of defendant. In Docket No. 70785, respondent Richard Stavoe, Jr., plaintiffs' attorney below in the case docketed no. 68842, appeals as of right from a trial court order finding him in contempt and requiring him to post a $49,000 letter of credit to purge himself of the contempt.

The instant cases have a long procedural history stemming from a 1964 Florida lawsuit. On April 23, 1964, the Eleventh Judicial Circuit Court of Florida entered a money judgment against defendant David Tidswell in favor of Jay and Alberta Tidswell, defendant's parents. The judgment was for the sum of $13,280.95, with interest until paid, and costs of $577.65. Lois Siegert and Myron Marks became assignees of the Florida judgment. Plaintiffs Schumacher, Harper, and Robinson are the distributees of the estate of Lois Siegert, deceased. By Florida statute, Florida civil judgments have a 20-year life and may be renewed before expiration of the 20-year period. Since 1964, the plaintiffs have sought to obtain satisfaction of this judgment.

On October 19, 1965, based on the Florida judgment, plaintiffs obtained a Michigan judgment against defendant in Jackson County Circuit Court. In the ten years following the entry of the Michigan judgment, defendant was not a resident of Michigan, was not present in Michigan, had no

tangible property in Michigan and otherwise had no known contact with Michigan. Thus, plaintiffs were not able to gain satisfaction of the Michigan judgment and did not seek to have it renewed, as is required after ten years, pursuant to MCL 600.5809(3); MSA 27A.5809(3). However, defendant was a contingent-remainder beneficiary of a trust being administered by the National Bank of Jackson, in Jackson, Michigan. On August 28, 1979, after the last life-beneficiary of the trust died, the Jackson County Probate Court assigned a one-quarter share of the trust assets to defendant. Thereafter, the National Bank of Jackson commenced an interpleader action to settle the claims of plaintiffs and defendant to these trust funds.

In its opinion of September 24, 1980, the trial court granted defendant's motion for accelerated judgment, based on lack of personal jurisdiction and expiration of the period of limitation. The trial court held that a foreign resident's vested, contingent claim is not a sufficient basis for personal jurisdiction under MCL 600.705(3); MSA 27A.705(3). The court determined that the plaintiffs' 1965 Michigan judgment was unenforceable under MCL 600.5809; MSA 27A.5809, since more than 10 years had passed since its entry. The court concluded that the operation of the statute of limitations was not tolled by defendant's absence from the state, since, in the court's opinion, it was not the purpose of the tolling statute "to give perpetual life in Michigan to judgments of foreign states against their own citizens who have never entered this state". Plaintiffs did not appeal from the order of accelerated judgment as to the 1965 Michigan judgment.

Instead, on January 9, 1980, plaintiffs commenced a second action based on the Florida judgment in Jackson County Circuit Court. The circuit

court again granted defendant's motion for accelerated judgment on the basis of lack of personal jurisdiction. Plaintiffs appealed from this order. On June 17, 1982, this Court affirmed, holding that the court did not have personal jurisdiction over defendant but suggesting that plaintiffs' remedy was to commence an in rem action in circuit court.

On September 7, 1982, plaintiffs commenced the instant action in Jackson County Circuit Court, alleging in rem jurisdiction. Plaintiffs calculated the amount then owed them under the 1964 Florida judgment to be $26,939.58. On September 7, 1982, plaintiffs obtained a prejudgment writ of attachment and the Jackson County Sheriff attached defendant's trust property, which consisted of debentures, notes, and cash being held by the National Bank of Jackson. On September 20, 1982, defendant again moved for accelerated judgment, based on lack of jurisdiction, res judicata, and expiration of the period of limitation. The trial court issued three opinions concerning defendant's motion. In the first, it concluded that under *Shaffer v Heitner*, 433 US 186; 97 S Ct 2569; 53 L Ed 2d 683 (1977), the court could not exercise in rem jurisdiction over the defendant and his motion for accelerated judgment should therefore be granted. Upon plaintiffs' motion for rehearing, the trial court issued a second opinion, finding that the court did in fact have in rem jurisdiction and that plaintiffs' claim was not barred by the statute of limitations or res judicata. Finally, in its opinion and order of December 16, 1982, the trial court granted defendant's motion for accelerated judgment, concluding that plaintiff's claim was barred by the 10-year Michigan statute of limitations and that defendant's absence from the state did not toll the running of the period of limitation. Plaintiffs appeal as of right from this last order.

On January 20, 1983, defendant Tidswell filed an ex parte motion for an order to show cause why Richard Stavoe, Jr., and William Marcoux, plaintiffs' attorneys, and Barbara Dwyer, Deputy Sheriff of Jackson County, should not be held in contempt of court. In his motion, defendant alleged that Stavoe and Marcoux obtained possession of his assets, held by Dwyer, pursuant to the prejudgment writ of attachment, took them to Lincoln County, Wyoming, where Tidswell resided, and turned them over to the Lincoln County Sheriff for conveyance to the plaintiffs. Tidswell alleged this to be a violation of MCL 600.1701; MSA 27A.1701 and requested the court to find Marcoux, Stavoe, and Dwyer in contempt of court, punish them by fine or imprisonment, and order damages to Tidswell in the amount of $55,000, pursuant to the statute.[1] On January 20, 1983, the circuit court entered an order to show cause. Following the disqualification of all of the Jackson County Circuit Court judges, the case was assigned to a visiting judge from Washtenaw County.

A hearing was held on Tidswell's motion on March 25, 1983. At the hearing, respondents Stavoe and Marcoux admitted that the assets were removed from Michigan but offered to prove that those assets were in fact turned over to petitioner

---

[1] "Sec. 1701. Supreme court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:

\* \* \*

"(3) All attorneys, counselors, clerks, registers, sheriffs, coroners, and all other persons in any manner duly elected or appointed to perform any judicial or ministerial services, for any misbehavior in their office or trust, or for any willful neglect or violation of duty, for disobedience of any process of the court, or any lawful order of the court, or any lawful order of a judge of the court or of any officer authorized to perform the duties of the judge". MCL 600.1701; MSA 27A.1701.

Tidswell and then were seized by the Lincoln County, Wyoming, sheriff pursuant to a writ of execution based on the 1964 Florida judgment. They attempted to show that the property had been delivered to Tidswell in good faith and that they no longer had possession or control over the assets. The trial court ruled that what had happened to the assets once removed from Michigan was irrelevant and that Stavoe was in contempt of court in that he had committed a fraud on the Jackson County Circuit Court.[2] The court, claiming to be interested only in the return of the assets to the jurisdiction of the Jackson County Circuit Court, refused to hear respondents' arguments concerning their inability to return the assets and ordered that Stavoe produce the assets, a surety bond, or cash having the same total value as the property.

On March 31, 1983, respondent Stavoe filed an emergency application for leave to appeal to this Court from the contempt order. On April 1, 1983, this Court denied the application. The Michigan Supreme Court similarly denied respondent's application for leave. Respondent filed the required $49,000 letter of credit with the Jackson County Circuit Court. On April 7, 1983, the trial court entered an order approving the letter of credit and purging respondent of contempt. Respondent Stavoe appeals as of right from the March 25, 1983, and April 7, 1983, orders of the trial court.

Defendant first argues that this Court should dismiss plaintiffs' appeal of the order granting accelerated judgment as moot, since the underlying 1964 Florida judgment has been fully satisfied.

---

[2] The record discloses that the assets were removed from Michigan in January, 1983, i.e., after the order of December, 1982, granting defendant Tidswell's motion for accelerated judgment upon a finding that plaintiffs' action was barred by the statute of limitations.

It is true that apparently the judgment has been satisfied, since cash and an amount received from securities, bonds, and other trust assets in an amount sufficient to satisfy the judgment were transferred to plaintiffs, with the remaining amount realized from the sale of tangible trust assets being returned to defendant.[3] However, we decline to dismiss for mootness.

The controversy between plaintiffs and defendant is technically moot, since plaintiffs have effectively received the relief for which they pray. *Chippewa Valley Schools v Dep't of Public Instruction*, 85 Mich App 191, 193; 270 NW2d 554 (1978). However, in *Swinehart v Secretary of State*, 27 Mich App 318, 321; 183 NW2d 397 (1970), *lv den* 384 Mich 801 (1971), this Court stated that an important test in determining mootness is "whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of plaintiff, to grant any relief". 27 Mich App 320. In the instant case, it is possible for this Court to grant relief, since a decision that accelerated judgment was improper would arguably justify the vacation of the contempt order which required that a letter of credit be issued in favor of defendant (even though, as discussed below, we affirm the contempt order here). Thus, the fact that the underlying Florida judgment has been satisfied does not preclude this Court from granting any relief.

Plaintiffs contend on appeal that accelerated judgment was improper because the ten-year period of limitation contained in MCL 600.5809; MSA 27A.5809, contrary to the circuit court's

---

[3] These events occurred in Wyoming after the attorney had arranged to have the Michigan assets taken to Wyoming without authority and in a manner inconsistent with the December, 1982, order of the circuit court in Michigan.

opinion, was tolled by defendant's absence from the state. We agree.

MCL 600.5809(3); MSA 27A.5809(3) provides a ten-year period of limitation for suit upon or renewal of a judgment previously obtained. Since the Michigan judgment obtained in 1965 was never renewed, the underlying debt lacked enforceability as of October 19, 1975, unless the running of the period of limitation was tolled. *Brownell Realty v Kelly,* 103 Mich App 690, 701-702; 303 NW2d 871 (1981), *lv den* 413 Mich 860 (1982). Pursuant to the same section, the underlying Florida judgment ceased to be enforceable in Michigan in 1974. *Belden v Blackman,* 124 Mich 667, 669; 83 NW 616 (1900). The circuit court correctly determined that it should apply Michigan's ten-year statute of limitations, not Florida's twenty-year statute of limitations. Statutes of limitation are procedural and governed by the law of the forum. The full faith and credit clause, US Const, art IV, § 1, does not prevent the forum from applying its own time limitations to an action on a judgment of a sister state. *M'Elmoyle v Cohen,* 38 US (13 Peters) 312; 10 L Ed 177 (1839). Since the Michigan statute treats foreign and domestic actions in the same manner, it is constitutional under both the full faith and credit clause and the Fourteenth Amendment, US Const, Am XIV. *Watkins v Conway,* 385 US 188; 87 S Ct 357; 17 L Ed 2d 286 (1966).

Plaintiffs contend that the running of the period of limitation was tolled because, at least until September 24, 1980, there was no means of service of process available sufficient to vest jurisdiction over defendant in a Michigan court. MCL 600.5853; MSA 27A.5853 provides:

"If any person is outside of this state at the time any claim accrues against him, the period of limitation shall

only begin to run when he enters this state unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff. If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of two months at a time shall not be counted as any part of the time limited for the commencement of the action unless when he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff."

The instant claim accrued against defendant at the time the Florida judgment was entered. Until 1979, defendant had no contact with or presence within Michigan sufficient to vest the Michigan courts with jurisdiction over him. While defendant argues that the running of the period of limitation was not tolled because he was amenable to process under GCR 1963, 105.2 and subject to the jurisdiction of Michigan courts in accordance with GCR 1963, 105.9, we do not find application of these court rules to confer jurisdiction upon the courts of this state. According to the plain language of the tolling provision, MCL 600.5853, and the Committee Comment concerning it, service of process is irrelevant unless the court is able to actually acquire jurisdiction over the defendant. The previous opinions of the circuit court and this Court in this case make it clear that defendant's contacts with this state have never been sufficient for the courts to acquire personal jurisdiction over him. Furthermore, in rem jurisdiction was not available until August 28, 1979, when the Jackson County Probate Court assigned defendant his one-quarter share of the trust assets which were later seized to satisfy the judgment. We find, therefore, that the running of the period of limitation pertaining to the validity of the judgment was tolled at least

until August 28, 1979. This result is supported by the decision in *Belden v Blackman, supra,* where the Court agreed that the Michigan running of the period of limitation, even as applied to a foreign judgment, could be tolled where it was proved that a defendant was absent from the state and the state courts could not obtain jurisdiction. In the instant case, all parties and the circuit and appellate courts agree that defendant was not in the State of Michigan and personal jurisdiction could not be had over him.

Defendant's reliance on *Hammel v Bettison,* 362 Mich 396; 107 NW2d 887 (1961), is misplaced. There, the Court held that the running of the period of limitation was not tolled during a defendant motorist's absence from this state where the plaintiff had a method of substituted service of process upon defendant via the nonresident motor vehicle liability statute. The Court's decision was predicated upon the fact that substituted service on the Secretary of State under the motor vehicle liability statute would constitutionally give the courts of this state personal jurisdiction. 362 Mich 406, 408. In the instant case, there was no way for the courts of this state to acquire jurisdiction over the defendant. There was no statutory allowance for substituted service. Defendant's contacts with this state were insufficient for the courts to thereby acquire personal jurisdiction. In rem jurisdiction was not available until 1979.

Nor is plaintiffs' claim on appeal barred by application of the doctrine of res judicata. In order for res judicata to apply, the prior action must have been decided on its merits. In the instant case, such did not occur. In its 1980 decision, the circuit court granted defendant's motion for accelerated judgment. Res judicata is inapplicable to actions which are terminated by the granting of

accelerated judgment, because an accelerated judgment motion does not test the merits of the claim. *Oakley v Mental Health Dep't,* 122 Mich App 638, 643; 332 NW2d 552 (1983); *San Joaquin County, California v Dewey,* 105 Mich App 122, 131; 306 NW2d 418 (1981).

We therefore conclude that the circuit court improperly granted accelerated judgment in favor of defendant. Although the court correctly applied the ten-year statute of limitations, it erred in its determination that the running of the limitation period was not tolled by MCL 600.5853; MSA 27A.5853. Since the Florida judgment otherwise remained valid, and since the parties do not dispute the amount owed under the judgment, plaintiffs were entitled to judgment in the Michigan courts. While we reverse the order of accelerated judgment, we do not, however, order payment to plaintiffs, since the parties also agree that the judgment has been satisfied through action of the Wyoming courts.

As to the validity and consequences of the contempt order issued against Attorney Stavoe, upon production of the $49,000 letter of credit Stavoe satisfied his obligation and the trial court purged Stavoe of contempt. However, since plaintiffs were entitled to enforcement of the Florida judgment in Michigan courts and since plaintiffs have received satisfaction in the Wyoming courts, there remains no need for the $49,000 letter of credit posted by Attorney Stavoe with the Jackson County Circuit Court. Defendant has received the value of the cash and securities removed from this state by Stavoe. The amount of the judgment he owed has been paid to plaintiffs. The remainder has been returned to defendant. While we do not approve of the actions taken by plaintiffs' attorneys in the instant case, defendant was not wrongfully denied

his property by their actions, as we hold that the trial court improperly granted accelerated judgment in defendant's favor and plaintiffs were in fact entitled to enforcement of the Florida judgment in the Michigan courts.

Nevertheless, the conduct of the attorney, for which he was found in contempt, was improper. Even though the circuit court was in error in refusing to enforce the Florida judgment, the error was based upon a good faith interpretation of a statute where reasonable minds could differ. The circuit judge was clearly acting within the scope of his judicial authority and the attorney, as an officer of the court, was obligated to respect the order of the circuit court until the order was reversed on appeal. *Rose v Aaron,* 345 Mich 613; 76 NW2d 829 (1956).

Accordingly, the finding of contempt and the order requiring the posting of the letter of credit are affirmed. The order purging respondent Stavoe of contempt is also affirmed. We remand to the circuit court for dissolution of the order requiring the posting of a letter of credit and for the return of that letter of credit to Attorney Stavoe.

The case docketed no. 68842 is reversed. Since the Florida judgment has been satisfied, no further proceedings are required. Costs to plaintiffs.

The case docketed no. 70785 is affirmed and remanded for an order returning the letter of credit to Attorney Stavoe. Costs to be paid by Attorney Stavoe.[4]

---

[4] The letter of credit was required to replace the assets of defendant which were wrongfully removed from Michigan. This was for the protection of both plaintiffs and defendant in their dispute. We do not perceive that the letter of credit was required for the purpose of protecting defendant with regard to any claims for damages he may have against Stavoe. Given the fact that defendant was obligated to pay the judgment out of the assets and has now done so, his damages, if any, would appear to be minimal, although we express no opinion on that issue since it is not before us.